IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RENE ARTAL GONZALEZ,

Petitioner,

vs.

MCCOOK DETENTION CENTER WARDEN,

Respondent.

**8:26CV545**

**ORDER TO SHOW CAUSE**

This matter is before the Court on Petitioner Rene Artal Gonzalez's petition for a writ of habeas corpus. (Filing No. 1) and Emergency Motion for Temporary Restraining Order (Filing No. 2). Artal Gonzalez is a Cuban national and citizen. (Filing No. 1 at 10). He was ordered removed to Venezuela, or in the alternative, to Cuba by an immigration judge in October 2025. (Filing No. 1 at 11). The government ran into roadblocks to removing him to either country, and, in December 2025, began to pursue his removal to Mexico. *Gonzalez v. Warden, NDCS Work Ethic Camp*, No. 8:26CV71, 2026 WL 1031187 (D. Neb. Apr. 16, 2026). When asked if he would comply with removal to Mexico, Artal Gonzalez initially told U.S. Immigration and Customs Enforcement he "would not go to Mexico" as he "fear[s] for his safety" there. *Id*. at 1. ICE served Artal Gonzalez with a Notice of Failure to Comply that stated that he would "remain in ICE custody until [he] demonstrate[s] that [he] is making reasonable efforts to comply with the order of removal." *Id.* at 2.

Artal Gonzalez responded by filing a petition for a writ of habeas corpus. This Court denied the petition in April 2026 because Artal Gonzalez had not "provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future such that he [wa]s entitled to release" under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Gonzalez v. Warden, NDCS*

*Work Ethic Camp*, No. 8:26CV71, 2026 WL 1031187, at *4 (D. Neb. Apr. 16, 2026) In doing so, this court stated that Artal Gonzalez had "the keys in his pocket" and could "end his detention" by cooperating with the government's efforts to remove him to Mexico. *Id.* at *5 (citing *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024).

Artal Gonzalez returned to the Court by filing a second petition for a writ of habeas corpus, which was denied in July 2026. *Gonzalez v. Warden, NDCS Work Ethic Camp*, No. 8:26CV293, 2026 WL 2124076 (D. Neb. July 23, 2026). In the second petition, Artal Gonzalez argued that the given the "continued passage of time" since the Court's first order combined with the government's failure to secure "a confirmed valid travel document, individualized acceptance by Mexico, proof of lawful admission into Mexico, or an executable removal plan," he must be released. *Id.* at 2. He argued that removal there—or anywhere else—"is not significantly likely to occur in the reasonably foreseeable future." *Id.* at 2. This Court denied the motion, concluding that "[i]t does not seem much has changed" from the first petition. *Id.* The Court advised that Artal Gonzalez could raise his fear claim to the government in the context of his immigration proceedings. *Id.* at 4.

Artal Gonzalez filed the present motions after developments in his immigration case. In his third Motion for a Writ of Habeas Corpus, he alleges that he is "actively participating in the immigration process" and seeking review through the procedures available to him. (Filing No. 1 at 12). Following this Court's July decision, Artal Gonzalez pursued the process for raising his fear of removal to Mexico and underwent a fear interview. (Filing No. 1 at 12). He alleges that his present fear arises from an incident in which Artal Gonzalez was traveling through the county and was stopped by Mexican police who "demanded approximately $500 and threatened that Petitioner could 'disappear' if he did not pay." (Filing No. 1 at 13). When Artal Gonzalez refused, the officers struck him in the stomach and placed a firearm against his head until Artal Gonzalez surrendered the money he possessed in fear of being seriously harmed or killed. (Filing No. 1 at 13). Artal Gonzalez also alleges that he recently submitted a Motion to Reopen Removal Proceedings to Apply for Withholding of Removal and Protection Under the Convention Against Torture as to Mexico, and a Request for Stay of Removal to the Immigration Court. (Filing No. 1 at 12). He alleges that the outcomes of these immigration motions remain pending. (Filing No. 1 at 12).

Artal Gonzalez also filed an Emergency Motion for Temporary Restraining Order. He seeks to have the Respondents prohibited from transferring him outside of the District of Nebraska and seeks to preserve the status quo against Petitioner's removal while this habeas action is pending (Filing No. 2).

The habeas statute provides that a court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Artal Gonzalez] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Artal Gonzalez]." *Id.* The order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* The person to whom the order is directed "shall make a return certifying the true cause of [Artal Gonzalez] detention." *Id.*

Here, the fact-bound nature of Artal Gonzalez's *Zadvydas* claim suggests the Court should hear from the Respondents before determining whether Artal Gonzalez is entitled to habeas relief. The Court may order additional briefing once it reviews the response to this Order. Accordingly, pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts,[1]

**IT IS ORDERED:**

1. The Clerk of the Court shall, before docketing this order, add Justin J. Hall and Grant K. Dugdale of the Nebraska Attorney General's Office as counsel for the Warden of the McCook Detention Center, and add Assistant U.S. Attorney Christopher L. Ferretti and Assistant U.S. Attorney Eric W. Synowicki as counsel for the other respondents, and shall after doing so regenerate the filing for the petition.
2. The Clerk of the Court is directed to add the following parties to the case heading: Field Office Director for Immigration and Customs Enforcement, Enforcement and Removal Operations; and the U.S. Department of Homeland Security. See Filing No. 1 at 12.

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

3. The respondents shall, on or before September 25, 2026, show cause as to the following:
    a. In light of Petitioner's claim that he completed a fear interview, what are the results of Petitioner's fear interview, or when are the results of that interview anticipated? How do these results affect the motion for habeas relief?
    b. Does Petitioner's filing of a Motion to Reopen Removal Proceedings affect this Court's consideration of the time for the Respondent to remove the Petitioner?
4. The court will determine if further briefing is necessary from either party once it has reviewed Federal Respondents' response.
5. The Emergency Motion for Temporary Restraining Order (Filing No. 2) is granted in part.
6. Respondents are enjoined from removing Petitioner from the District of Nebraska until further order of the Court, except for the relocation of Petitioner directly pursuant to his order of removal.

Dated this 21st day of September, 2026.

BY THE COURT:

Susan M Bazis

Susan M. Bazis
United States District Judge