IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RENE ARTAL GONZALEZ,

Petitioner,

vs.

MCCOOK DETENTION CENTER WARDEN,

Respondent.

**8:26CV545**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Rene Artal Gonzalez's petition for a writ of habeas corpus. (Filing No. 1). Artal Gonzalez challenges his continued detention by U.S. Immigration and Customs Enforcement. *See Gonzalez v. Warden, NDCS Work Ethic Camp*, No. 8:26CV71, 2026 WL 1031187 (D. Neb. Apr. 16, 2026) (*Gonzalez I*); *Gonzalez v. Warden, NDCS Work Ethic Camp*, No. 8:26CV293, 2026 WL 2124076 (D. Neb. July 23, 2026) (*Gonzalez II*). For many of the reasons outlined in the Court's prior orders, Artal Gonzalez's petition will be denied.

## BACKGROUND[1]

Artal Gonzalez is a Cuban national and citizen. (Filing No. 1 at 10). He was ordered removed to Venezuela, or in the alternative, to Cuba by an immigration judge in October 2025. (Filing No. 1 at 11). The government ran into roadblocks to removing him to either country, and, in December 2025, began to pursue his removal to Mexico. *Gonzalez I*; (Filing No. 8 at 5-6).

When asked if he would comply with removal to Mexico, Artal Gonzalez initially told U.S. Immigration and Customs Enforcement he "would not go to Mexico" as he "fear[s] for his safety"

[1] A fuller recitation of the background surrounding Artal Gonzalez's detention is set forth in *Gonzalez I. See* 2026 WL 1031187, at *1-*2. The Court limits its discussion of the facts here to those relevant to this habeas petition.

there. *Id.* at 1. ICE served Artal Gonzalez with a Notice of Failure to Comply that stated that he would "remain in ICE custody until [he] demonstrate[s] that [he] is making reasonable efforts to comply with the order of removal." *Id.* at 2.

Prior to this petition, Artal Gonzalez filed other petitions for a writ of habeas corpus concerning his detention as he awaits removal. In April 2026, this Court denied habeas relief because Artal Gonzalez had not "provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future such that he [wa]s entitled to release" under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Gonzalez I* at *4. In doing so, this Court stated that Artal Gonzalez had "the keys in his pocket" and could "end his detention" by cooperating with the government's efforts to remove him to Mexico. *Id.* at *5 (citing *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024). Artal Gonzalez had not yet formally raised his fears of removal to Mexico in his immigration proceedings, and the Court noted that he could seek appropriate relief through the process of immigration proceedings.

Artal Gonzalez's second petition for a writ of habeas corpus was denied in July 2026. *Gonzalez II*. In the second petition, Artal Gonzalez argued that the given the "continued passage of time" since the Court's first order combined with the government's failure to secure "a confirmed valid travel document, individualized acceptance by Mexico, proof of lawful admission into Mexico, or an executable removal plan," he must be released. *Id.* at 2. This Court denied the motion, concluding that "[i]t does not seem much has changed" from the first petition. *Id.* The Court again advised that Artal Gonzalez could raise his fear claim to the government in the context of his immigration proceedings. *Id.* at 4.

Artal Gonzalez filed the present motion after developments in his immigration case. In his third Motion for a Writ of Habeas Corpus, he alleges that he is "actively participating in the immigration process" and seeking review through the procedures available to him. (Filing No. 1 at 12). Following this Court's July decision, Artal Gonzalez formally made a Credible Fear claim for Third Party Removal to Mexico, and on August 6, had a fear interview. (Filing No. 1 at 12, Filing No. 8-1). In the Immigration Court, he has filed a Motion to Reopen Removal Proceedings to Apply for Withholding of Removal and Protection Under the Convention Against Torture as to Mexico, and a Request for Stay of Removal to the Immigration Court. (Filing No. 1 at 12). The

Petition alleges that the outcomes of his credible fear interview and the immigration motions remain pending. (Filing No. 1 at 12).

In its September 21 order, this Court ordered the Federal Respondents[2] to show cause as to the circumstances around the fear interview and the effect of Petitioner's immigration filings. (Filing No. 5 at 4). The Federal Respondents did so (Filing No. 6, Filing No. 7, Filing No. 8). The Court also enjoined the Federal Respondents from removing Artal Gonzalez from the District of Nebraska until further order of the court, except for relocation pursuant to his order of removal. (Filing No. 5 at 4).

The Federal Respondents submitted an Augst 6 determination by US Citizenship and Immigration Services that found that Artal Gonzalez, in his interview, "did not establish that it is more likely than not that you will be persecuted or tortured in Mexico." (Filing No. 8-1). The Federal Respondents maintain that a significant likelihood of removal in the foreseeable future still exists because, if Artal Gonzalez is willing to comply, ICE can remove him to Mexico. (Filing No. 6 at 8). Deportation Officer Daniel Archer states that Mexico "has agreed to accept him." (Filing No. 8 at 6).

## STANDARD OF REVIEW

Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Under 28 U.S.C. § 2241, a district court can grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Artal Gonzalez bears the burden to show that he is in custody in violation of the law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## DISCUSSION

---

[2] The Federal Respondents are all but the Warden of the NDCS Work Ethics Camp, the facility where Artal Gonzalez is being held.

*Zadvydas* again supplies the framework governing Artal Gonzalez's claims. There, the Supreme Court held that the statute authorizing detention of noncitizens ordered removed from the United States—8 U.S.C. § 1231(a)— "does not permit indefinite detention[.]" 533 U.S. 678, 689. Instead, the court read the statute to "limit[ ] an alien's post-removal-period[3] detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* After all, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 690.

"[F]or the sake of uniform administration in the federal courts," the Supreme Court "recognize[d]" a six-month period where detention is "presumptively reasonable." *Id.* at 701. After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* A noncitizen cannot rest on the presumption alone, however. *Id.* ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

It is undisputed that Artal Gonzalez has been detained for longer than six months since the final order of removal was entered in October 2025. (Filing No. 8 at 4). The legal question is before this Court is whether he has "provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" 533 U.S. at 701.

After reviewing the record, the Court concludes that he has not. Although Artal Gonzalez pursued his fear claim in his immigration case, he did not establish in his interview that it is more likely than not he would be persecuted or tortured in Mexico. (Filing No. 8-1). Petitioner's pending Motion to Reopen Removal Proceedings also does not stand in the way of his removal in the reasonably foreseeable future. The October 2025 order of removal remains final and fully executable, and filing of a motion to reopen does not automatically stay the removal. See 8 U.S.C.

---

[3] Under § 1231(a)(1)(A), the government has ninety days to remove a noncitizen after a final order of removal is entered. During that ninety-day period, detention is mandatory. *Id.* § 1231(a)(2). After ninety days, detention becomes discretionary. *Id.* § 1231(a)(6).

§ 1231; 8 C.F.R. § 1241.1; 8 C.F.R. § 1003.23(b)(v). According to the Federal Respondents, Mexico "has agreed to accept him." (Filing No. 8 at 5)[4]. As before, Artal Gonzalez's continued detention "is a product of his refusal to be removed to Mexico." *Gonzalez II* at *3. Refusal to be removed is not a valid pathway to habeas relief under *Zadvydas*. See *Gonzalez II at *4*. Artal Gonzalez has not shown good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. His habeas petition must therefore be denied.

**IT IS ORDERED:**

1. Petitioner Rene Artal Gonzalez's petition for a writ of habeas corpus (Filing No. 1) is denied.
2. A separate judgment will be entered.

Dated this 25th day of September, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

[4] The Federal Respondents have also explored removal to Spain. Deportation Officer Archer states that on June 4, 2026, Petitioner was served with a Form I-229a "Warning for Failure to Depart" which asked whether he has residency or citizenship in Spain, as many Cubans can apply for expedited residency or citizenship in Spain. (Filing No. 8 at 6). There is no record whether Artal Gonzalez responded to this request. *Id*.